## Ulmer Estate

*Arnold, Bricker & Beyer*, for petitioner.

*Thomas H. Wentz*, contra.

*A. W. Reese*, for Register of Wills.

BOWMAN, P. J., March 24, 1952.—Jacob Shank, a brother of Katie Ulmer, who died December 6, 1951, has presented a petition to this court for an order directed to the register of wills to certify the entire record of the proceedings incident to the probate of her last will and testament to this court for a determination of the issue in dispute. Although not stated in the petition, it was presumably filed under the provisions of section 207 of the Register of Wills Act of 1951, which became effective January 1, 1952.

The petition avers: That on August 14, 1951, Katie Ulmer executed what is purported to be her last will and testament; that on October 28, 1951, she executed what petitioner believes to be her last will and testament; that if the latter instrument is decedent's last will and testament, petitioner is a life tenant of her real estate; that both wills have been offered to the register of wills for probate, although no hearing has been held, caveats and bonds having been filed by the purported executors of these instruments; that regardless of the decision of the register of wills as to which instrument is entitled to probate, the aggrieved party will appeal from such decision to the orphans' court, and that the best interests of the parties would be served to have a determination made immediately by the orphans' court.

Pursuant to the petition, a citation was directed to all parties in interest and to the Register of Wills of Lancaster County to show cause why the record should not be certified as prayed. Neither the register nor any party in interest filed an answer.

Section 207 provides:

"Whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will, the grant of letters or the performance of any other function by the register, he may certify, or the court upon petition of any party in interest may direct

the register at any stage of the proceedings to certify, the entire record to the court, which shall proceed to a determination of the issue in dispute. No letters of administration pendente lite shall be granted by the register after proceedings have been removed to the court except by leave of court."

The act uses the word "may" and we construe it to mean that whether the record should be certified to the court or not is entirely within the discretion of the court. The section quoted includes the substance of sections 18 and 19 of the Register of Wills Act of June 7, 1917, P. L. 415. Under the latter act it was held that it was not the intention of the legislature to abolish the jurisdiction of registers of wills in disputed cases involving the probate of alleged testamentary writings and the granting of letters testamentary or of administration and thus turn the orphans' court into a probate or register's court: Greenawalt's Estate, 58 D. & C. 487.

In the instant case no testimony has been taken before the register. The matter comes before the court merely on allegations in the petition. Whether there is any real reason for a certification of the record to this court can only be ascertained after at least some hearing has been held before the register. Accordingly, we do not feel that the instant case is one in which the court should exercise its discretion and order the register to certify the record to it. If after the taking of testimony before the register it develops that there is some disputable and difficult matter for determination, the register may, under the provisions of section 207, certify the record to this court. At that time the court, on the other hand, may feel justified in ordering certification upon proper application. Until then we shall refuse petitioner's prayer to certify the record.

And now, March 24, 1952, the petition and the citation heretofore issued are dismissed and the Register of Wills of Lancaster County is directed to take such proceedings as are not inconsistent herewith.